# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 13-40115-JAR |
| **QUARTEZ NORWOOD,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## ORDER

This matter now comes before the Court on Defendant's second Motion for Copies (Doc. 147). Defendant requests a copy of his Presentence Investigation Report, the Statement of Reasons, his transcripts,[1] and other court filings, free of charge.

28 U.S.C. § 753(f) allows free copies of transcripts if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."[2] Because Defendant has no current pending motion, the standard set forth in § 753(f) warrants denial of his request.[3] Moreover, under 28 U.S.C. § 2250, an indigent petitioner may obtain 'documents' or 'parts of the record' without cost" if he has been granted leave to proceed in forma pauperis on his application for habeas corpus relief.[4] Here, Defendant requests documents free of charge but has not applied for habeas corpus relief. Therefore, Defendant is

---

[1] The Court presumes Defendant is referring to the transcripts from his plea and sentencing hearing, but notes that neither hearing has been transcribed.

[2] 28 U.S.C. § 753(f).

[3] *See Nortonsen v. Larimer Cnty. Dist. Court*, No. 05-1390, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006) (holding that post-conviction prisoners do not have an automatic right to free copies of court documents and concluding that they must first demonstrate a nonfrivolous claim).

[4] 28 U.S.C. § 2250.

not entitled to documents at no cost.  Simply put, Defendant must file a motion, appeal or 28 U.S.C. § 2255 petition in order for the Court to entertain his request for free copies.  Thus, the Court denies his motion.

In so ruling, the Court notes that Defendant claims that he has requested these documents and transcripts from his former counsel, to no avail.  Counsel has filed a letter with the Court indicating that he mailed Defendant the requested documents, including the Plea Agreement, on two separate occasions,[5] and recently informed the Court that the Statement of Reasons, which is filed under seal, was returned to him by the Bureau of Prisons.  Defendant once again requests copies of his Presentence Investigation Report and his Statement of Reasons, both of which the BOP prohibits a prisoner from keeping in his physical possession.[6]

As explained in its previous Order, if the Defendant requests, he can obtain copies of the record at his own expense.  For example, the Clerk of the Court will make copies of specifically requested documents in exchange for a fee of 10 cents per page.  If the copy request is under $1.00, it is free of charge.   The Court directs the Clerk of the Court to send the docket sheet along with this Order to Defendant.  Defendant may request any **unsealed** document filed in this matter and is directed to send any such request, along with the requisite fee, if any, to the Clerk

---

[5] Doc. 127.

[6] On September 19, 2002, the BOP implemented a policy agency-wide concerning inmates and their possession of Presentence Investigation Reports ("PSIR") and other similar court documents.  This policy was released under Program Statement 1351.05, Release of Information, at 15 (noting a PSIR obtained through prison mail is contraband), available at http://www.bop.gov  (last accessed August 28, 2015).  Under the policy, an inmate incarcerated with the BOP is not permitted to keep a copy of the PSIR, Statement of Reasons, and other similar court documents in his physical possession.  An inmate is permitted to review such documents, which are contained in the inmate's Central File.  Unit staff will assist the inmate with arranging for a time for the inmate to review the documents and will also work with the inmate to mail out a copy of the document to the court if needed for particular filings.  This policy was implemented due to BOP-identified security concerns related to an inmate's physical possession of these documents.  Specifically, the agency was identifying situations where inmates pressured other inmates to show copies of the PSIR to reveal gang affiliations, financial resources, and/or government cooperation.  Inmate assaults, and at least one inmate homicide, were found to have been connected with these pressure tactics by offenders.  *See Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1267 (D. Kan. 2007).

of the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Copies (Doc. 147) is denied.

**IT IS SO ORDERED.**


Dated: August 28, 2015

                       S/ Julie A. Robinson

                       JULIE A. ROBINSON

                       UNITED STATES DISTRICT JUDGE