# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 13-40115-01-JAR

QUARTEZ NORWOOD,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Quartez Norwood's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 196). Petitioner also requests the Court appoint counsel to represent him in this matter (Doc. 197). The government has responded.[1] Having carefully reviewed the record and the arguments presented, the Court denies Petitioner's motions without further evidentiary hearing.

**I.    Factual and Procedural History**

On November 26, 2013, Norwood pleaded guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to two counts of Hobbs Act violations under 18 U.S.C. § 1951(a) and one count of use, carry, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), stemming from the armed robberies of an EZ Payday Advance facility and a Family Dollar store located in Topeka, Kansas.[2] On May 27, 2014, Norwood was

---

[1] Doc. 198.

[2] Doc. 43.

sentenced to 180 months' imprisonment pursuant to the binding plea agreement, which is substantially lower than the advisory Guidelines range.[3]

The Court subsequently denied Norwood's Motion for Appointment of Counsel seeking assistance with pursuing relief under the First Step Act.[4] Norwood now renews his request for appointment of counsel and moves the Court to vacate his sentence under 28 U.S.C. § 2255 in light of the Supreme Court's recent decision in *United States v. Davis*.[5]

## II. Standard

Section 2255 entitles a federal prisoner to relief if the court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[6] The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[7] A § 2255 petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[8] An evidentiary hearing is not necessary where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[9]

---

[3] Docs. 105, 106.

[4] Doc. 195.

[5] 139 S. Ct. 2319 (2019).

[6] 28 U.S.C. § 2255(b).

[7] *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255(b)).

[8] *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009).

[9] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996) ("[t]he allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1143, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that are merely conclusory in nature and without supporting factual averments).

**III. Discussion**

In *United States v. Davis*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague under due process and separation of powers principles.[10] In *Davis*, the residual clause was implicated because Davis had also been charged with conspiracy to commit Hobbs Act robbery, an offense that fell within the residual clause of § 924(c)(3)(B).[11] The Tenth Circuit recently held that *Davis* is a new constitutional rule that is retroactively applicable on collateral review.[12]

By contrast, Norwood's underlying Hobbs Act robbery convictions implicated the elements clause of § 924(c)(3)(A). Norwood's predicate offense was Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) as described in Count Five.[13] The Tenth Circuit has held that "Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause requires the use of violent force, and the force element in Hobbs Act robbery 'can only be satisfied by violent force.'"[14] Therefore, the predicate offense used to support Norwood's conviction for brandishing a firearm in furtherance of a crime of violence was an offense under the elements clause in § 924(c)(3)(A), not the residual clause under § 924(c)(3)(B). Consequently, *Davis* has no impact upon Norwood's claim and his motion to vacate sentence must be denied.

**IV. Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or

---

[10]139 S. Ct. at 2336.

[11]*Id.* at 2324.

[12]*United States v. Bowen*, 936 F.3d 1091, 1097–98 (10th Cir. 2019).

[13]Doc. 1 at 5–6.

[14]*United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018) (quoting *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018)).

deny a certificate of appealability when it enters a final order adverse to the applicant.[15] A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.[16] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[17] For the reasons stated above, the Court finds that Norwood has not satisfied this standard and, therefore, denies a certificate of appealability as to its ruling on his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Cortez Norwood's motion to vacate his conviction pursuant to § 2255 (Doc. 196) is **denied** without an evidentiary hearing; Norwood's Motion to Appoint Counsel (Doc. 197) is **denied as moot**. Norwood is also denied a certificate of appealability.

**IT IS SO ORDERED.**

Dated: October 18, 2019

              S/ Julie A. Robinson
              JULIE A. ROBINSON
              CHIEF UNITED STATES DISTRICT JUDGE

---

[15] The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issues a certificate of appealability. Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[16] 28 U.S.C. § 2253(c)(2).

[17] *Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).