**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 13-40115-JAR** |
| **QUARTEZ NORWOOD,** | |
| **Defendant.** | |

## ORDER DISMISSING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Quartez Norwood's letter (Doc. 232), which he describes as "a request that the BOP file a compassionate release motion on [his] behalf."[1]  The Government opposes Defendant's motion.[2]  For the reasons explained below, the Court dismisses Defendant's motion for lack of jurisdiction.

## I.        Background

On November 26, 2013, Defendant pled guilty to three counts of interference with commerce by means of robbery and use, carry, and brandish of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 1951, 2, and 924(c) respectively.[3]  On May 30, 2014, the Court sentenced Defendant to a total term of 180 months' imprisonment, a five-year term of supervised release, a $300 special assessment, and $913.00 in restitution.[4]

---

[1]Doc. 232 at 1.

[2]Doc. 234.

[3]*See* Doc. 43.

[4]Doc. 105.

Defendant is currently incarcerated at Terre Haute USP in Indiana.  He is thirty-eight years old, and his projected release date is August 29, 2026.

On June 1, 2020, Defendant filed this letter with the Court, which "is a request that the BOP file a compassionate release motion on [Defendant's] behalf pursuant to 18 USC 3582."[5] He states he has a heart murmur that puts him at elevated risk of death from COVID-19. Defendant adds that he has a "verifiable release plan and residence."[6]

## II.   Discussion

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move for compassionate release.[7]  This amendment did not give defendants the unrestricted ability to seek compassionate release, but provides that such a motion may be filed only if certain conditions are met:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) In any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or **upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)      extraordinary and compelling reasons warrant such a reduction; or

---

[5]Doc. 232 at 1.

[6]*Id.*

[7]*See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5238.  Before 2018, only the Bureau of Prisons ("BOP") could move for compassionate release of a criminal defendant.

(ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[8]

Thus, a criminal defendant may file a motion for compassionate release only if: (1) he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [prisoner]'s behalf," or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier."[9]

As the Government explains in its response, Defendant is obligated to exhaust his available remedies with the BOP prior to bringing a motion on his own behalf.  Defendant requests the Court ask BOP to file a motion on his behalf; but this is not in accordance with the BOP's administrative procedures for compassionate release requests.[10]  Defendant should adhere to the BOP's administrative process, including submitting his request to the warden at Terre Haute USP.

Because Defendant does not demonstrate he exhausted his administrative remedies, neither condition of § 3582(c) is met.  The impact of Defendant's failure to exhaust administrative remedies depends on whether § 3582(c)'s exhaustion requirement is jurisdictional

---

[8]18 U.S.C. § 3582(c) (emphasis added).

[9]*Id.* at § 3582(c)(1)(A).

[10]*See* 28 C.F.R. § 571.61 (2013) (describing the process for initiation of a request for compassionate release or reduction in sentence); *see also* United States Department of Justice: Federal Bureau of Prisons, Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, Jan. 17, 2019, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (detailing BOP's internal procedures for processing and rendering decisions on compassionate release requests, including instructions for how inmates initiate their requests).

or a claims-processing rule.[11]  Although the Tenth Circuit has not yet determined whether the

administrative exhaustion requirement in § 3582(c)(1)(A) is jurisdictional or a claims-processing

rule, it has determined, in the context of other subsections, the provisions of § 3582(c) are "clear

and mandatory restriction[s] on a court's authority."[12]  Moreover, the Tenth Circuit has clearly

held § 3582 cabins the inherent authority of federal courts to alter previously-imposed sentences

to a narrow set of circumstances.[13]  This guidance from the Tenth Circuit predates the enactment

of the First Step Act, but nevertheless compels this Court—as it has compelled other judges in

this District—to interpret the exhaustion requirement of § 3582(c) as jurisdictional.[14]

Defendant's failure to satisfy those requirements, therefore, forecloses this Court from exercising

jurisdiction over his motion.

Given the Court's conclusion that Defendant has not exhausted his administrative

remedies and that it consequently does not have jurisdiction over his motion, it does not decide

whether he has established "extraordinary and compelling reasons" for his release.  Though the

Court is sympathetic to Defendant's health issues and the exigent circumstances surrounding the

pandemic, it "may not take action where it lacks statutory authorization to do so."[15]

---

[11]*See, e.g.*, *Henderson v. Shinseki*, 562 U.S. 428, 425 (2011) (explaining the difference between an exhaustion requirement that determines whether a court has jurisdiction and a claims-processing rule, which simply "seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times").

[12]*United States v. Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2005) (quoting *United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012)).

[13]*McGaughy*, 670 F.3d at 1158.

[14]*See, e.g.*, *United States v. Walker*, No. 13-10051-EFM, 2020 WL 101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived"); *see also United States v. Read-Forbes*, No. 12-20099-KHV, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional). *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[15]*Perry*, 2020 WL 1676773, at *2 n.2 (noting an alternative pathway for defendants to seek relief under 18 U.S.C. § 3624(c)(2), which permits the Director of the BOP to "place a prisoner in home confinement for the shorter

Accordingly, the Court lacks jurisdiction over Defendant's request and his motion (Doc. 232) is

**DISMISSED without prejudice**.

      **IT IS SO ORDERED.**

      Dated: July 13, 2020

                         S/ Julie A. Robinson
                         JULIE A. ROBINSON
                         CHIEF UNITED STATES DISTRICT JUDGE

---

of 10 percent of the term of imprisonment of that prisoner or 6 months," that the CARES Act, enacted on March 27, 2020, allows the Director of the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under that statute.  Pub. L. 116-136, § 12003(b)(2), and that "Attorney General William P. Barr has issued a memorandum directing the Director to 'prioritize the use of [the Director's] various statutory authorities to grant home confinement for inmates,' considering 'the totality of the circumstances for each individual inmate, the statutory requirements for home confinement' and various discretionary factors," but noting "however, this procedure is separate from the Court's jurisdiction to reduce a sentence pursuant to § 3582(c)(1)(A)." (quoting Memorandum for the Director of the Bureau of Prisons from the Attorney General, March 26, 2020, at 1–2)).