IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

QUARTEZ NORWOOD,

    Defendant.

Case No. 13-40115-01-JAR

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Cortez Norwood's third *pro se* Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 267).  The government has responded, and the Court is prepared to rule.[1]  For the following reasons, the Court dismisses the motion without prejudice.

**I.**    **Background**

On November 26, 2013, Norwood pleaded guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to two counts of Hobbs Act violations under 18 U.S.C. § 1951(a) and one count of use, carry, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), stemming from the armed robberies of an EZ Payday Advance facility and a Family Dollar store located in Topeka, Kansas.[2]  On May 27, 2014, Norwood was sentenced to 180 months' imprisonment pursuant to the binding plea agreement.[3]  This

---

[1] The Federal Public Defender has notified the Court that it does not intend to enter an appearance on Norwood's behalf.  *See* Standing Order 19-1; Administrative Order 20-8.

[2] Doc. 43.

[3] Docs. 105, 106.

1

bargained-for sentence is substantially lower than the advisory Guidelines range of 262 to 327 months based on his status as a career offender pursuant to U.S.S.G. § 4B1.2.[4]

Norwood subsequently moved for the Court to vacate his sentence under 28 U.S.C. § 2255 in light of the Supreme Court's decision in *United States v. Davis*.[5] This Court denied Norwood's motion.[6]

On July 13, 2020, the Court dismissed Norwood's first motion for compassionate release for lack of jurisdiction because he failed to properly exhaust his available administrative remedies.[7] On December 15, 2022, the Court denied Norwood's second motion for compassionate release, once again finding that he failed to properly exhaust his available administrative remedies.[8]

On November 27, 2023, Norwood filed his third motion seeking compassionate release presently before the Court. Norwood is presently confined at USP Terre Haute.[9] He is forty-one years old and his projected release date is October 22, 2026.

## II.    Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[10] "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[11] Section 3582(c)(1)(A), as amended

---

[4] Doc. 99.

[5] 139 S. Ct. 2319, 2336 (2019) (holding the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague).

[6] Doc. 201.

[7] Doc. 245.

[8] Doc. 261.

[9] *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Dec. 4, 2023).

[10] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[11] *Id.*

by the First Step Act of 2018,[12] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[13]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[14]

### III. Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[15]  The government argues that Norwood has once again failed to exhaust.  If the government invokes the exhaustion requirement, the district court "must enforce it."[16]  Whether Norwood's request to the warden satisfies the exhaustion requirement depends on whether his motion raises arguments similar to those raised in that request to the warden.

On March 3, 2022, Norwood submitted a request to the Warden at USP Terra Haute that stated:

---

[12] Pub. L. No. 115-391, 132 Stat. 5194.

[13] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[14] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[15] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[16] *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021).

3

> There are extraordinary and compelling reason[s] for a sentence reduction based on a change in the law. I would have receive[d] a stack [sic] sentence under 924(c) however I plead guilty of a plea offer. My argument is that the potential stack sentence lead the unite [sic] state to offer me a higher plea deal then they would now as a result of the change in the law.[17]

Thus, Norwood restricted his request to a single claim, namely, that his negotiated guilty plea was premised on the potential for "stacked sentences" on the remaining counts in the Indictment referencing 18 U.S.C. § 924(c); and because the First Step Act abrogated stacked sentences within a single indictment, he should be given relief for having negotiated a plea deal based upon law that is no longer applicable.

In the motion presently before the Court, however, Norwood does not base his request for compassionate release on the same argument involving "stacked sentences" and guilty plea considerations. Instead, he argues that he should be resentenced on grounds that: (1) he is serving a very "stern" sentence; (2) his myriad health problems warrant immediate release; (3) he has been fully rehabilitated; (4) trial counsel was ineffective; (5) his sentence demonstrates disparate treatment between similarly-situated defendants; (6) he has a stable release plan; and (7) his BOP record should represent that he has no outstanding detainers from other jurisdictions.[18] Thus, the government argues that even giving his pleading its most liberal construction, Norwood has again failed to exhaust his available administrative remedies. The Court agrees.

The Court does not suggest that the exhaustion requirement should be applied "hyper-technically," and agrees with those courts that have recognized that a request to the warden need

---

[17] Doc. 269-1.

[18] Doc. 267 at 1–14.

4

not be identical in detail or specificity to the motion made in court.[19] But there "must be a reasonable degree of overlap which gives the BOP a fair opportunity to consider whether to make the motion on the defendant's behalf."[20] Here, there is no such reasonable degree of overlap.[21] Because Norwood did not claim in his request to the warden that he should be resentenced on any of the seven grounds set forth in his present motion, he fails to satisfy § 3582(c)'s exhaustion requirements and thus, this Court lacks jurisdiction over his claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Cortez Norwood's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 267) is **dismissed without prejudice** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: December 4, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[19] *See, e.g., United States v. Morelan*, No. 12-20003-08-JWL, 2021 WL 365095, at *2 (D. Kan. Feb. 3, 2021) (citing *United States v. Knight*, No. 15-CR-393, 2020 WL 4059886, at *2 (M.D.N.C. July 20, 2020)).

[20] *Id.* (quoting *Knight*, 2020 WL 4059886, at *2–3).

[21] *See United States v. Gieswein*, 832 F. App'x 576, 577–78 (10th Cir. 2021) (holding that because defendant's "request to the warden did not include COVID-19 as a reason for compassionate release," the district court properly dismissed his COVID-19 argument for failure to exhaust administrative remedies); *see also United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) (per curiam) ("[A]n inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court. . . . [A]ny contrary approach would undermine the purpose of exhaustion."); *United States v. Everhart*, No. 18-20031-DDC, 2022 WL 6101441, at *2 (D. Kan. Oct. 7, 2022) (collecting cases).