IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>QUARTEZ NORWOOD,<br><br>      Defendant. | Case No. 13-40115-JAR |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Quartez Norwood's *pro se* Motion for Compassionate Release (Doc. 287); in this motion, Defendant also requests appointment of counsel.[1] The Government has filed a response brief. Defendant did not reply. As explained more fully below, the Court dismisses Defendant's motion for failure to exhaust his administrative remedies.

**I.    Background**

On November 26, 2013, Defendant pleaded guilty to Counts 3, 4 and 5 of the Indictment, charging him with Hobbs Act robbery and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 1951(a) and 18 U.S.C. 924(c).[2]

On May 30, 2014, the Court imposed a sentence with a controlling term of 180 months, followed by a controlling term of 5 years of supervised release, pursuant to the terms of the parties' binding plea agreement, which the court adopted.[3]

---

[1] Because Defendant appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as his advocate. *Id.*

[2] Doc. 43.

[3] Docs. 105, 43.

Defendant has filed three prior motions for compassionate release.[4] The Court dismissed each motion because Defendant failed to exhaust administrative remedies.[5]

In his fourth motion for compassionate release, Defendant seeks relief on grounds that he has been rehabilitated and that he suffers from various medical issues.

Defendant's scheduled release date is October 22, 2026.

## II.     Legal Standard

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[6] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[7] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[8] The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is

---

[4] Docs. 232, 256 and 267.

[5] Docs. 235, 261 and 270.

[6] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[7] Pub. L. No. 115-391, 132 Stat. 5194.

[8] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

lacking and do[es] not need to address the others."[9]  If the court grants the motion, however, it must address all three steps.[10]

**III.   Discussion**

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the government may waive or forfeit.[11]  But when "properly invoked," mandatory claim-processing rules "must be enforced."[12]  Here, the Government argues that this Court must dismiss Defendant's motion without reaching the merits because he fails to show that he has satisfied the statute's exhaustion requirement.  Defendant offered no evidence of exhaustion in his motion, and he did not file a reply responding to the Government's invocation of the exhaustion rule.  Because the exhaustion requirement is a mandatory condition that has been properly invoked by the Government, the Court must dismiss Defendant's compassionate release motion without prejudice to refiling if and when he exhausts his administrative remedies.[13]

**IV.   Motion for Appointment of Counsel**

Defendant also seeks appointment of counsel to assist him in preparing and filing a motion on his behalf for compassionate release or to reduce his sentence under the recently-passed Amendment 821 to the United States Sentencing Guidelines.  The Court denies the

---

[9] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[10] *McGee*, 992 F.3d at 1043 (citation omitted).

[11] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[12] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 538 U.S. 17, 20 (2017); *see also United States v. Johnson*, 849 F. App'x 750, 752–53 (10th Cir. 2021) (explaining that the statute's exhaustion rule "is mandatory, rather than judicially waivable"); *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

[13] *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").

motion. There is no constitutional right to counsel after direct appeal.[14] And Defendant has already unsuccessfully moved for a sentence reduction several times. Defendant has provided no grounds upon which this Court could find that appointment of counsel is now warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Quartez Norwood's Motion for Compassionate Release (Doc. 287) is **dismissed without prejudice to refiling** once he has exhausted his administrative remedies. Defendant's motion for appointment of counsel is **denied**.

**IT IS SO ORDERED.**

Dated: November 1, 2024

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[14] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).